■ ROBERT E. RUCKI, an Infant, by ELEANOR RUCKI, His Guardian ad Litem, et al., Appellants, v. AUTOMOBILE MUTUAL INSURANCE COMPANY OF AMERICA et al., Respondents.— Judgment and order affirmed, without costs. No opinion. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

■ ROBERT A. MARKS, an Infant, by His Guardian ad Litem, RUBY A. MARKS, Respondent, v. ELLEN THOMPSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court entered upon a verdict in favor of plaintiff, and cross appeal by plaintiff on the ground of inadequacy, in a negligence action brought by an infant, four years old at the time of the accident, against another child, approximately the same age, and the latter's parents, to recover for personal injuries resulting from burns, caused when the infant defendant procured a cigarette lighter from his parents' house and used it to ignite papers on the floor of his parents' parked automobile. The complaint charged, inter alia, negligence in permitting the infant defendant to obtain possession of and play with the lighter, termed an " inherently dangerous object ". The jury found no cause of action against the infant or his father, who was not at home at the time of the accident, and awarded damages against the mother, apparently on the ground of failure of supervision. Insofar as her actual and immediate supervision of the child at play is concerned, the record supports no finding of negligence. To the extent that the verdict may rest on possession of the lighter, in a place accessible to the child, it is unwarranted, as applying a standard of care considerably higher than that ordinarily accounted reasonable. The lighter was in a category not essentially different from that of such household articles and appliances in constant daily use as matches, stoves and cutlery — to select random examples — which possess some potential danger but are commonly and necessarily exposed for ready use. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.